JOHN HIX

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa October 11, 1895.*

1. CRIMINAL LAW—*larceny—sufficiency of proof of name of owner of stolen property.* In a prosecution for the theft of hogs, laid in the indictment as the property of "Thorn Downey," proof that the owner's name was "Thornton J. Downey," but that "everybody called him Thorn Downey," is sufficient.

2. SAME—*what is sufficient showing of ownership of stolen property.* Hogs shown to be of a lot purchased by the person named in the indictment as owner, individually, with intent that if, upon ship-

ment, the venture proved profitable his partner should share the profits, are, for the purposes of a prosecution for the larceny of such hogs, the individual property of such purchaser, it appearing the partner had never assented to the purchase or become vested with an interest.

3. SAME—*defective definition of larceny in instructions.* Instructions given to a jury for the prosecution which make larceny consist of "feloniously taking and carrying away" the property alleged to have been stolen, or *taking* it "with felonious intent," and which do not require a finding that defendant *stole* the property, are erroneous.

4. SAME—*instructions defining crime must follow the statute.* Where the statute defines an offense, no element of the statutory definition can be omitted in an instruction defining such offense.

5. INSTRUCTIONS—*must not assume fact of ownership of stolen property.* Instructions must not assume that a certain person was the owner of property alleged to have been stolen, where such ownership is a contested question before the jury.

6. SAME—*must not allow of conviction on partial finding of facts.* An instruction given for the prosecution under an indictment for larceny, which directs the jury, in case certain facts are proved, to find the defendant guilty, and which does not require the finding, on belief beyond reasonable doubt, of all the facts necessary to establish the defendant's guilt, is erroneous.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. C. R. STARR, Judge, presiding.

C. H. PAYSON, and MORGAN & OREBAUGH, for plaintiff in error.

M. T. MOLONEY, Attorney General, and T. J. SCOFIELD and M. L. NEWELL, of counsel, for the People:

The owner may have a name by reputation, and if proved that he is as well known by that name as any other, a charge in the indictment by that name will be sufficient. *State* v. *Bell,* 65 N. C. 313; *State* v. *Angel,* 7 Ired. 27; *State* v. *Godet,* id. 210; *Strado's case,* 2 Moody's C. C. 270; *Rex* v. *Norton,* Russ. & Ry. 510; *Gabriel* v. *State,* 40 Ala. 357; *Brown* v. *State,* 32 Texas, 124; 2 Bishop on Crim. Proc. secs. 718, 723, 752.

W. F. PIERSON, State's Attorney, also for the People.

Mr. Justice Bailey delivered the opinion of the court:

The defendant was indicted at the November term, 1894, of the circuit court of Iroquois county, for the crime of larceny, the indictment charging him with feloniously stealing, taking and carrying away one fat hog of the value of $10 and one fat hog of the value of $12, the goods and chattels of Thorn Downey. On trial the jury found the defendant guilty, and fixed his punishment at imprisonment in the penitentiary for the term of one year. Sentence having been pronounced against him in accordance with the verdict, he now brings the record to this court by writ of error.

The first point raised by counsel for the defendant is, that the prosecution failed to prove that the hogs alleged to have been stolen were the property of Thorn Downey, as charged in the indictment. The prosecuting witness, when on the stand, testified that his name is Thornton J. Downey, but on cross-examination he testified that everybody called him Thorn Downey. While, in cases of this character, it is essential to a conviction that the name of the person whose property is alleged to have been stolen should be proved as laid in the indictment, it is sufficient to prove that he is well or usually known by that name, although it may not be his true name. We think there was no failure of proof in this respect.

Again, it is claimed that the property stolen is shown by the evidence to have belonged to Downey and one Loveless, jointly. If that were a fact there would be a fatal variance between the indictment and the proof. But we do not think that the evidence shows that the hogs stolen were the joint property of Downey and Loveless. The testimony of Downey tends to show that he and Loveless had made a joint purchase of seventy-five hogs, but there is no evidence that there was any general partnership in the business of dealing in hogs between them, or that they had any joint interest in any hogs.

other than the seventy-five above mentioned. Downey's testimony tends to show that he alone, and without the consent of Loveless or any conference with him, concluded to buy enough more hogs to make two car-loads, with the intention that if the venture turned out to be profitable Loveless might share in the profits. The hogs alleged to have been stolen were among those thus purchased by Downey, but there is no evidence that at the time they were stolen Loveless had assented to their purchase or that any interest therein had become vested in him. Under these circumstances, for all the purposes of this prosecution they must be regarded as the individual property of Downey.

It is next contended that the verdict of guilty is not warranted by the evidence. The evidence tending to charge the defendant with the larceny is mainly circumstantial, but there was sufficient evidence to make the matter of his guilt or innocence a fair question for the jury. But as the judgment must be reversed on other grounds we refrain from expressing any opinion as to the weight of the evidence, leaving that matter to the consideration of another jury, uninfluenced by anything we might say on that subject.

We are of the opinion that there was error in several of the instructions given to the jury at the instance of the prosecution. The first instruction given was as follows:

"The court instructs the jury that larceny is the felonious taking and carrying away the personal goods of another."

As defined by the statute, "larceny is the felonious *stealing*, taking and carrying, leading, riding or driving away the personal goods of another." (1 Starr & Cur. Stat. 800.) It is evident that the definition of the crime as given by the instruction is materially defective, in that it omits the word "stealing." That, as applied to larceny, is a technical word, and is absolutely essential to a proper definition of the crime. The mere taking and

157—25

carrying away of the personal goods of another is no crime, even though charged to be felonious. It is, at most, but a trespass. To charge the felony it must be alleged that the defendant feloniously stole, took and carried away the personal goods of the prosecutor.

The second instruction given at the instance of the State's attorney was as follows:

"The jury are further instructed, that if you believe, from the evidence, beyond a reasonable doubt, that the defendant took the hogs in question from the owner, Thorn Downey, with felonious intent, then it is your duty, as jurors, to find the defendant guilty."

This instruction is liable to substantially the same criticism as the preceding. It holds that if the defendant took the hogs in question from the owner with felonious intent, whether that intent was to steal the same or otherwise, the offense of larceny was made out. This is clearly erroneous. The statute having defined the offense, no element of the statutory definition can be omitted. But this instruction is subject to the further objection that it assumes that Thorn Downey was the owner of the hogs alleged to have been stolen,—a question of fact that was in controversy before the jury.

The eleventh instruction given at the instance of the State's attorney was as follows:

"You are further instructed that the possession of property recently stolen is of itself *prima facie* evidence that the person in whose possession the property is found is the actual thief, and unless this presumption is rebutted by the good character of the accused, or that he fairly acquired the property by purchase, or in some other way lawfully came into the possession thereof, it is your duty, as jurors, to find the defendant guilty."

An instruction which directs the jury, in case certain facts are proved, to find the defendant guilty, must submit to the jury a hypothesis, based upon the evidence, embodying all the facts necessary to be proved to estab-

lish the defendant's guilt.    This instruction closes with a direction to find the defendant guilty, but it contains no hypothesis based upon the evidence.    That part of it preceding the direction to find the defendant guilty is wholly abstract, making no reference to the evidence and not being based upon it.    It starts out with the abstract proposition of law that the possession of property recently stolen is *prima facie* evidence that the person in whose possession it is found is the actual thief.    The proposition thus enunciated is doubtless a sound one, but if it is to perform the office of a part of a hypothesis warranting a direction to find the defendant guilty, it is, in effect, an assumption that the property described in the indictment had been stolen, and that shortly after the commission of the larceny it was found in the possession of the defendant.    The jury are not required to find any of these facts from the evidence, but for all the purposes of the instruction they are assumed to be true, and the jury are instructed that unless the presumption of guilt arising from the facts thus assumed was rebutted in one of the ways pointed out, it was the duty of the jury to find the defendant guilty.    The necessary effect of an instruction of this character must have been to mislead the jury to the prejudice of the defendant.    Instructions should be based upon the evidence, and this is especially important in case of instructions which contain a direction to the jury as to the character of their verdict.    A direction to find the defendant guilty should never be given except as the result of a finding, from the evidence, beyond a reasonable doubt, of all the facts which are necessary to establish the defendant's guilt.

For the error in giving the foregoing instructions the judgment will be reversed, and the cause will be remanded to the circuit court for a new trial.

*Judgment reversed.*