THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* D. W. HOBAN, Plaintiff in Error.

*Opinion filed June 16, 1909.*

1. LARCENY—*every larceny, under the statute, includes a trespass to the possession.* There can be no larceny without a trespass and there can be no trespass unless the property was in the possession of the person from whom taken; but such a trespass does not constitute larceny unless there was an intent to steal.

2. SAME—*when a purchaser of goods is not guilty of larceny.* The fact that the president of a waste-paper-buying concern uses several stamped envelopes printed with the return card of a local manufacturing company, about forty of which were found by an employee of the paper-buying concern scattered loosely throughout a 500-pound crate of waste paper purchased from a circular-addressing firm which had recently addressed a large number of envelopes for the manufacturing company, does not render such president guilty of larceny of the envelopes from such company.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding.

PIERSON & PEASE, for plaintiff in error:

No one in the lawful possession of goods can commit a larceny of them. *Johnson* v. *People,* 113 Ill. 103.

The taking and carrying away of the personal goods of another, although wrongful, is not a crime, but merely a trespass. To make such an act larceny it must be shown that the defendant feloniously stole and carried away the goods of another. *Hix* v. *People,* 157 Ill. 385.

Proof of the value of stolen property at the time of the theft is essential to conviction, and admission of prejudicial evidence on this point may be reversible error. *Little* v. *People,* 157 Ill. 155.

Excessive punishments are contrary to the principles of our system of government.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (CLIFFORD G. ROE, of counsel,) for the People:

Plaintiff in error was guilty of larceny, as he had only the custody or apparent possession and the title did not pass. *Stinson* v. *People,* 43 Ill. 397; *Welsh* v. *People,* 17 id. 339; *Murphy* v. *People,* 104 id. 528; *Farrell* v. *People,* 16 id. 506; 6 Ill. Cyc. Dig. 424, 425.

Plaintiff in error was not in lawful possession of the goods, as the goods had been mislaid or lost. 25 Cyc. 35, 36; *Cartwright* v. *Green,* 8 Ves. 405; *Merry* v. *Green,* 7 M. & W. 623; *Robinson* v. *State,* 11 Tex. App. 403; *Mc-Avoy* v. *Medina,* 11 Allen, 548; *Clifton* v. *State,* 52 Wis. 533; *People* v. *McGarren,* 17 Wend. 460; *Loucks* v. *Gallogly,* 23 N. Y. Supp. 126; *State* v. *McCann,* 19 Mo. 249.

If there is any clew to the ownership of mislaid or lost property the finder who takes it for himself is guilty of lar-

ceny, and it is not merely a trespass. *People* v. *Cogdell,* 1 Hill, 94; *Lane* v. *People,* 5 Gilm. 305; *Tyler* v. *People,* Breese, 293; *Regina* v. *Mole,* 47 Eng. C. L. 416; *State* v. *Bolander,* 71 Iowa, 706; *State* v. *Boyd,* 36 Minn. 538; *Commonwealth* v. *Titus,* 116 Mass. 42; *State* v. *Clifford,* 14 Nev. 72; *Brooks* v. *State,* 35 Ohio St. 26; *State* v. *Ferguson,* 2 McMull. 502; *Stepp* v. *State,* 31 Tex. Cr. 349.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On November 22, 1907, an information was filed in the municipal court of Chicago whereby that court was informed that the plaintiff in error, D. W. Hoban, on said day "did unlawfully steal, take and carry away, with intent to steal, some forty stamped envelopes, valued at one dollar ($1), property of the Barrett Manufacturing Company, a corporation organized under the laws of West Virginia." The next day the defendant was arraigned and pleaded not guilty. On November 30, 1907, an assistant State's attorney appeared for the prosecution, and the court, for some reason not disclosed by the record, appointed Edmond W. Pottle to assist the State's attorney in the prosecution. The court heard the evidence and argument of counsel and continued the cause to December 6, 1907, when it was stricken from the docket on motion of the State's attorney, with leave to re-instate. The defendant not being satisfied with that order, which left the cause undisposed of, moved to have it re-instated, which was done on December 28, 1907. On January 3, 1908, the court, upon considering the evidence heard on November 30, 1907, found the defendant guilty and sentenced him to pay a fine of $25 and costs taxed at $14, and committed him to the county jail of Cook county and thence to the house of correction until the fine and costs should be paid in money or by labor. The defendant gave a stay bond under a practice obtaining in that court and removed the cause to the Appellate Court

240—20

for the First District. The branch of the Appellate Court affirmed the judgment, and the writ of error in this case was sued out to review the judgment of the Appellate Court.

The following facts were proved at the trial: The defendant, who was twenty-five years old, engaged in his first business venture on July 1, 1907, as manager of the Illinois Paper Stock Company, of which he was president and his wife secretary. The business of that corporation was the purchase of all kinds of paper scrap and cuttings and waste paper, and a sale of the same to paper mills for paper stock. The paper so bought was graded into eight or ten different grades and shipped to the paper mills to be remade into paper. Among other concerns from which scrap and waste paper were purchased was Buckley, Dement & Co., who packed the paper in crates of about five hundred pounds each and delivered about two or three crates a month, for which they received thirty cents a hundred pounds. The defendant's corporation had from twelve to twenty girls employed in sorting the paper into the different grades, and one of them brought forty or fifty envelopes from the sorting room to the defendant's desk and said, "We found these in the waste paper." The envelopes were not in a package but were loose, as they had been picked out of the waste paper, and were cheap advertising envelopes, having a United States two cent stamp impressed in the paper in the usual place, and on the upper left-hand corner were printed the words "Barrett Manufacturing Co., Chicago.—Barrett's Brands standard everywhere.—B on every roll." They were worth two and one-eighteenth cents each to the Barrett Manufacturing Company and were worth nothing to anyone else except the redemption value of the stamps. The defendant put the envelopes in his desk and used a few of them in sending bills or receipts when he was short of stamps. A. M. Smith, the advertising agent for the Barrett Manufacturing Company, identified

three envelopes which had been so used, and the advertising manager swore out a search warrant for the remaining envelopes, and when he called, with an officer, upon the defendant he asked the defendant if he had the envelopes, who replied that he had. He made no attempt to conceal them, but gave them up freely and explained where they were found, and no search warrant was needed to obtain them. The Barrett Manufacturing Company was in the habit of having envelopes printed in lots of 15,000 to 30,-000 at a time, by a printer named Miller, and sent the envelopes, when printed, in lots of 14,000 to 15,000 at a time, to Buckley, Dement & Co., a firm engaged in the addressing or circular business, to be addressed to different persons. The only manner in which the envelopes in question could have got into the waste paper was by a few of the great number being dropped in the work of addressing and gathered up with the other waste paper. After the attorneys had concluded the evidence on both sides the court recalled the defendant and gave him an examination, in which the defendant said that he knew it was not the intention of any party to sell stamped envelopes at thirty cents a hundred; that he never heard of the Barrett Manufacturing Company; that he inferred some printer who had printed them had thrown them into the waste paper, and if they were sent to the Barrett Manufacturing Company it would react on the printer; that he did not know that two cent stamped envelopes were redeemed by the government, and that he thought the envelopes had been thrown away.

Larceny, as defined by the statute, is the felonious stealing, taking and carrying, leading, riding or driving away the personal goods of another, and every larceny, under that statute, includes a trespass to the possession. There can be no larceny without a trespass, and there can be no trespass unless the property was in the possession of the one from whom it is charged to have been stolen. (Bishop on Crim. Law, secs. 808, 828.) The information charged

arceny of the envelopes from the Barrett Manufacturing Company, and the fact was that they were part of a crate of scrap and waste paper sold by Buckley, Dement & Co. to the corporation of which the defendant was manager. To sustain the finding that defendant was guilty of larceny as charged in the information, which included a trespass to the possession of the Barrett Manufacturing Company, counsel for the People say that the said company delivered 14,000 or 15,000 envelopes at a time to Buckley, Dement & Co. to be addressed and returned; that this constituted a bailment and the lawful possession passed to Buckley, Dement & Co.; that when Buckley, Dement & Co. undertook to return the envelopes to the Barrett Manufacturing Company the bailment ended, and if forty envelopes had been dropped in the waste paper, Buckley, Dement & Co. retained only the custody of those envelopes and not the possession of them; that when Buckley, Dement & Co. sold the waste paper to defendant's corporation, the custody, and not the possession, of the forty envelopes passed to that corporation; that the delivery to defendant's corporation and the delivery to the defendant by the girl was not a taking or a trespass, but that when the defendant used a few of the envelopes it constituted a taking from the possession of the Barrett Manufacturing Company and a larceny of the envelopes. By contending that Buckley, Dement & Co. did not have the possession, and that the defendant occupied the same position as that company and took the envelopes from the possession of the Barrett Manufacturing Company, an attempt is made to avoid the rule that no one in the lawful possession of goods can commit a larceny of them. (*Johnson* v. *People,* 113 Ill. 99.) The argument must fail for want of evidence to justify it, if there were no other reason. There is no evidence from which it can be said that the bailment was ended. The envelopes were in the waste paper and had probably been dropped there in some way, either through negligence of Buckley, Dement

& Co., for which they would be liable, or as a usual and ordinary incident in doing the work of addressing with ordinary care. Whether the lot of envelopes to which these belonged had been addressed or returned, or what had become of them, the evidence did not disclose. There was no evidence from which the court could say that the possession of Buckley, Dement & Co. as bailees had ceased and that these envelopes were in the possession of the Barrett Manufacturing Company.

To constitute larceny the taking must not be a mere trespass, but it must be with the felonious intent to steal. (*Hix* v. *People,* 157 Ill. 382.) The defendant bought for his corporation waste paper from Buckley, Dement & Co., and among the mass of scrap and waste the girls who were sorting the paper found the forty stamped envelopes. They were paper and could be used for paper stock, but they had an additional value for another use. Of course, the defendant knew, as he said he did, that no one would sell one hundred pounds of stamped envelopes for thirty cents, but it does not follow that he would know that a seller of five hundred pounds of paper would understand that there was no envelope, letter-head, scratch paper or other scrap in the lot useful for any other purpose than paper stock.

The cases cited to sustain the claim that the defendant was a thief are not like this one in fact or principle. In one case a person bought a bureau at public auction and afterward discovered in a secret drawer a purse containing money, which he appropriated to his own use. He bought nothing but the bureau, which was the only thing sold, and as the money was not sold to him and he had no reason to believe that it was, there was a felonious taking of the money, which constituted larceny. (*Merry* v. *Green,* 7 M. & W. 623.) In another case a bureau was sent to a carpenter to repair, and he found and converted to his own use nine hundred guineas which had been secreted in the bureau, and beyond all doubt that was a larceny, as he had

bought nothing. (*Cartwright* v. *Green,* 8 Ves. 405.) In another case a trunk was sold and by mistake a new suit of clothes was delivered in the trunk. (*Robinson* v. *State,* 11 Tex. App. 403.) In the case where a purchaser has been held guilty of larceny, the subject of the larceny was something entirely different from the article purchased and which the purchaser could not by any means have supposed himself entitled to, and if the defendant was guilty of larceny by the use of a few envelopes which he had bought, he would have been equally guilty if he had found a few printed letter-heads or other paper which, instead of shipping to the paper mills, he applied to a different use. It is undoubtedly true that if a buyer of rags or paper or old iron or other junk should find in it money, jewelry or other articles of an entirely different kind, he would necessarily know that he had not bought them and they were not included in the sale, and if he should appropriate them to his own use he would be guilty of larceny. Such facts would prove a criminal intent to steal, but they would be widely different from the facts of this case. The defendant had never heard of the Barrett Manufacturing Company, but he might have ascertained from the directory or in some way its whereabouts, or have traced the transaction back through Buckley, Dement & Co., to have ascertained the exact status of the envelopes and whether somebody else made any claim to them. That would be an unusual and unexpected proceeding in the case of an ordinary person respecting property of such trifling value which was, in fact, purchased, as the envelopes were. He used a few of the envelopes which he had bought with the other waste paper, but in our opinion the evidence had no tendency to prove him guilty of larceny or felonious intent to steal the goods of the Barrett Manufacturing Company.

The judgments of the Appellate Court and municipal court are reversed.          *Judgment reversed.*