THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NATHAN ISRAEL, Plaintiff in Error.

*Opinion filed June 16, 1909.*

1. CRIMINAL LAW—*what is essential to crime of receiving stolen property.* To justify a conviction, under section 239 of the Criminal Code, for buying or receiving stolen property, the proof must not only show the requisite knowledge that the property was stolen, but also that the accused received ·or accepted it for his own gain cr to prevent the owner from re-possessing it.

2. SAME—*what does not cure error in omitting an essential element from instruction.* The fact that an instruction for the People correctly defines, in substantially the language of the statute, the crime of buying or receiving stolen property does not cure the error of omitting an essential element of the crime from an instruction purporting to state such elements, and authorizing a conviction if the jury believe, from the evidence, that they are established.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

LOUIS GREENBERG, and JOHN F. TYRRELL, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (JUNE C. SMITH, and W. A. RITTENHOUSE, of counsel,) for the People.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county, under the 139th section of the Criminal Code, for the crime of receiving stolen property, and sentenced to the penitentiary. This writ of error is sued out to review the judgment of the criminal court.

The error relied on for a reversal is the ruling of the court in giving the second instruction on behalf of the People. Said instruction reads as follows:

"It is not necessary to the conviction of the defendant that the People should show that the defendant saw the goods stolen or was told that they had been stolen. If it appears from the evidence that the circumstances presented and manifest to the defendant at the time of the reception of the goods in question, if you believe from the evidence, beyond a reasonable doubt, that the defendant received the same, were such as to have caused him, or any man of ordinary observation, to know and believe, and if you believe, beyond a reasonable doubt, that the defendant did know and believe, that the property was stolen property and was being offered for sale to the defendant by one who had no right to do so, that is sufficient to justify a conviction."

To constitute the crime of buying and receiving stolen property under the 239th section of the Criminal Code the property must be bought (1) for the purchaser's own gain or to prevent the owner from again possessing it, and (2) the purchaser must have knowledge that the property was obtained by larceny. The first instruction given for the People defined the offense substantially in the language of the statute. The second instruction purports to tell the jury what is necessary to be proven to justify a conviction for said offense. There is no merit in the contention that the instruction assumes defendant did receive the property, as was the case with the instruction in *People* v. *Feinberg,* 237 Ill. 348. The instruction in this case contains the clause, "if you believe from the evidence, beyond a reasonable doubt, that the defendant received the same," which was not contained in the instruction in the *Feinberg case.* This language clearly informed the jury that the receipt of the property by defendant must be proved beyond a reasonable doubt. The latter part of the instruction, however, was clearly erroneous. To authorize a conviction it was not only necessary to prove defendant received the property, but it was necessary to prove that he received it for his

own gain or to prevent the owner from again possessing it, and that he knew the property was stolen. The instruction does not inform the jury that all these elements must be proven beyond a reasonable doubt, but merely tells them that if defendant received the property and knew it was stolen and was being offered for sale to him by one who had no right to do so, that was sufficient to justify a conviction. Receiving the property knowing it to be stolen was not sufficient to constitute the offense. A man might receive property offered him for sale which he, acting as a reasonable man, must know was stolen and still not be guilty of a crime. He might receive it for the purpose of preserving the property for the owner, if he should subsequently be discovered. To constitute the crime charged, the property must be received for the gain of the party receiving it or to prevent the owner from again possessing it. The instruction omits to inform the jury that proof of this essential of the crime is necessary. The error of the instruction is not cured by the first instruction, which defines the crime in the language of the statute, for it purports to tell the jury what is necessary to bring a defendant within a definition of the offense and omits essential elements.

*Hix* v. *People,* 157 Ill. 382, was an indictment for the larceny of hogs. An instruction was given for the People that if the jury believed from the evidence, beyond a reasonable doubt, that defendant "took the hogs in question from the owner, Thorn Downey, with felonious intent," they should find him guilty. The instruction was held erroneous for the reason, as was said by the court, that taking the hogs with felonious intent was not sufficient to constitute larceny; that to constitute the crime the taking must be with intent to steal.

In our opinion the defects in the second instruction were of too vital a character to permit this conviction to be sustained, and the judgment of the criminal court is reversed and the cause remanded.    *Reversed and remanded.*