(No. 15105.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK PASTEL *et al.* Plaintiffs in Error.

*Opinion filed February 21, 1923.*

1. CRIMINAL LAW—*what constitutes larceny.* Larceny is the felonious stealing, taking and carrying, leading, riding or driving away the personal goods of another, and to constitute larceny the taking must be with the felonious intent to deprive the owner of his property.

2. SAME—*when plaintiffs in error cannot complain of ruling as to testimony of co-defendant.* Where the defense to a prosecution for the larceny of an automobile is that the defendants did not intend to deprive the owner of his property, defendants who have sued out a writ of error cannot complain of a ruling sustaining an objection to the question, "What was the object in taking the car?" which was asked a co-defendant who was not sentenced and did not join in the assignment of errors and who had already testified that the car was wrecked while it was being returned to the place whence it had been taken by the defendants.

3. SAME—*when conviction of larceny of automobile is not sustained by proof.* In a prosecution for the larceny of an automobile which the defendants admit taking for a "joy ride," it is a question for the jury, under the evidence, whether the car was taken with a felonious intent to steal, but where the evidence is that the car was accidentally wrecked while it was being returned to the

place whence it was taken, and there is no evidence in the record to justify the jury in finding that the defendants were not returning the car, the judgment of conviction must be reversed and the cause remanded for a new trial.

THOMPSON, C. J., and FARMER and CARTER, JJ., dissenting.

WRIT OF ERROR to the City Court of Alton; the Hon. L. D. YAGER, Judge, presiding.

HILES, NEWELL & BROWN, and T. M. WEBB, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, J. P. STREUBER, State's Attorney, VIRGIL L. BLANDING, and P. W. ZERWECKH, for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiffs in error, Frank Pastel, Robert Meyers and Athol Morris, together with Dieter Burger, were indicted in the city court of Alton for the larceny of an automobile of the value of $1000, the property of James M. Malcolm. A jury found all the defendants guilty, and the court, after overruling motions of the plaintiffs in error for a new trial and in arrest of judgment, sentenced them to the State reformatory. The motion of defendant Burger for a new trial was continued, and he was admitted to bail on his personal recognizance on recommendation of the State's attorney.

James M. Malcolm was the owner of an automobile and was a member of the school board of the city of Alton. In the evening of September 28, 1921, he attended a meeting of the board at the high school building, and by an arrangement with his wife she left the automobile in front of the home of Mr. Sherwood, on the corner of State and Prospect streets, in the city of Alton, for his use after the meeting. State street runs north and south .and Prospect street

east and west, and the home of Sherwood was on the north-west corner of the intersection. After the meeting of the board Malcolm went at about 10:30 o'clock to the place where the automobile had been left and it was not there. He reported the fact to the police, who made an effort to find the automobile. Two of the police officers who were detailed for that purpose found the automobile about 4:30 o'clock in the morning, wrecked by a collision with the curb or a telephone pole on West Ninth street, west of Bell street. They found blood on and around the automobile and followed the trail of blood a considerable distance up Ninth street to Dry street, and from Dry street to State street, and from State street to Seventh street, to the rooming house of Bally Brokaw, on the corner of Seventh and State streets,—one block from the place where the automobile had been left,—where Pastel had a room. The trail of blood led up the stairs to the door of Pastel's room, and the defendants were found there. The plaintiffs in error were arrested and taken to the police station, and Burger, who was in the bathroom, was afterward also taken to the police station. Malcolm was informed that the automobile had been found and went to the place where it was wrecked against the curb and a telephone pole.

These facts were not controverted or questioned, but the defense was that the felonious intent to steal required by law was lacking; that there was no intent to deprive Malcolm of his property but only of the possession for a time, and that the intention when the automobile was taken was to return it to its owner. This defense was presented to the jury by the testimony of Burger, which was the only evidence offered by the defendants. He said that he drove the automobile, with the other defendants, from the corner of Prospect and State streets; that they took the automobile about eight o'clock and drove out through Fosterburg and other small towns; that Meyers sat with him in front and Pastel and Morris were on the back seat; that on the way

back to Alton one of the defendants on the back seat said they had better be getting the automobile back or the guy would be missing it, and he learned by that statement that the automobile was taken without permission; that coming back they reached the outskirts of Alton about one o'clock in the morning; that they were taking the automobile back to where they got it, when it was wrecked on West Ninth street, and that after wrecking the automobile they all went to Pastel's room and washed up and remained there until the police officers came.

On the examination of Burger he was asked this question, "What was the object in taking the car?" The court sustained an objection, and it is argued that this was error prejudicial to the plaintiffs in error. Larceny is the felonious stealing, taking and carrying, leading, riding or driving away the personal goods of another, and to constitute larceny the taking must be with the felonious intent to deprive the owner of his property. (*Hix* v. *People,* 157 Ill. 382; *People* v. *Hoban,* 240 id. 303.) The wrongful taking of the automobile without the consent of the owner not being disputed, the defendants sought to meet any inference of an intent to steal by showing that the automobile was taken for what Burger called a "joy ride," with the intention of returning it to the owner. Assuming that Burger had a right to testify in his own defense to the intent with which he took the automobile, to be given such weight as the jury might consider it entitled to, the question was not of that character. He was asked to state the object in taking the automobile, which included all the defendants, and if it was intended to have him state his intention, he has never been sentenced and is not here complaining or assigning error. So far, if at all, as his intent was of any importance to the plaintiffs in error, they had the benefit of his testimony that they were taking the automobile back to the place where they got it when it was wrecked, and they have no ground for complaint.

The defense being as stated, the question of fact for the jury was whether the automobile was taken with the felonious intent to steal. The jury evidently did not credit the testimony of Burger, and the important question is whether it was in harmony with undisputed facts tending to prove whether or not the defendants were in fact returning the automobile. The Attorney General says that the automobile was found wrecked on West Ninth street near Bell street, north of the place where it had been taken, headed toward the northwest, directly away from the place from which it had been taken, and that defendants were going in a northwesterly direction and not toward the corner of Prospect and State streets. To this, counsel for the plaintiffs in error say that the proof of the location of the streets was not gone into upon the trial, and that the automobile, when found, was not shown to be north of the point where it was taken. They give a statement of different routes that could have been taken from the place where the automobile was wrecked to Prospect and State streets. Neither argument has any basis in the evidence from which the fact can be determined. The jury certainly came to the conclusion in some way, either from their own knowledge of the streets or something not appearing in the record, that the defendants were not returning the automobile to the place from which it was taken. There is nothing in the record from which the court can say whether that conclusion was right or wrong. Malcolm testified that West Ninth street approximately parallels State street; that it was equivalent to ten blocks from the place where he found the automobile to Prospect street and probably half a mile from the place where West Ninth street runs into State street. One of the police officers testified that there were several different ways to reach Prospect and State streets; that the automobile was headed northwest on Ninth street, and he would not attempt to drive it to Prospect and State streets; that there were several ways to get there, and that he could not

tell the nearest route over a public street to the intersection of Prospect and State streets. The court correctly instructed the jury concerning the crime of larceny and the necessity of proof, beyond all reasonable doubt, that the automobile was taken with the felonious intent to steal the same. Burger testified that the defendants were returning the automobile to the place from which it was taken, but the jury concluded that there was a felonious intent to steal, and necessarily that the defendants were not returning the automobile to the owner. It is contended that this conclusion rested upon facts not appearing in the record, and it appears to the court that there should be another trial, when such facts, if they exist, may be proved.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

THOMPSON, C. J., and FARMER and CARTER, JJ., dissenting.