THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FERDINAND DE STEFANO, Plaintiff in Error.

*Opinion filed November 30, 1961.*

Melvin B. Lewis and Frank W. Oliver, both of Chicago, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and John T. Gallagher and Rudolph L. Janega, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

After a bench trial in the criminal court of Cook County, the defendant, Ferdinand De Stefano, was convicted of larceny of a motor vehicle and sentenced to the penitentiary for a term of two to six years. Upon writ of error the only question presented is whether the evidence was sufficient to prove his guilt beyond a reasonable doubt.

At about 6:30 A.M. on May 30, 1960, a legal holiday, defendant was arrested in the village of Skokie while driving a 1952 Plymouth automobile belonging to one Edward

J. Simon. The latter, it appears, had left the vehicle at the Oakton-Hamlin service station in Skokie during the previous week to be repaired or possibly sold. When summoned to the police station Simon stated he had never seen defendant before and discovered that a "jumper" had been connected to the ignition switch of his car.

Edward Jendrzejewski, a prosecution witness, saw defendant walking around the Oakton-Hamlin station, which was closed, about 6:00 o'clock of the morning in question. As he watched, defendant went on several occasions to the trunk of a car parked on the premises and intermittently sipped on a can of beer. According to the witness, defendant then attempted to start a truck on the premises but, being unsuccessful, walked across the street to another service station where he "tried" the doors on a parked auto, visited the washroom, and then disconnected a water hose which he carried back across the street and threw down in front of the automobile whose trunk was open. Defendant again tried to start the truck, then went to the Simon vehicle which he started after working under the hood for about ten minutes. After this he again looked into the trunk of the first car and drove from the premises. A police car came by shortly and Jendrzejewski told the officers what he had seen.

The arresting officer, Lee Reiter, who was on a routine patrol, first saw defendant about 6:30 A.M. a few blocks from the service station. He stated that defendant looked in some store windows, entered the Simon vehicle which was parked nearby, made a U-turn, ran a stop sign and then proceeded in the direction of the service station at an excessive rate of speed. Reiter arrested defendant and when the latter could produce neither a driver's license nor a vehicle registration he was taken to the police station. There he claimed he was operating the vehicle with the owner's permission and that he was employed at the service station. However, when Reiter checked with the owner of

the station, he was advised defendant was not employed there at the time.

The remaining witness for the prosecution, a village employee named Elston Kloch, testified he was present when defendant had stated to an assistant State's Attorney that the car did not belong to him, that he had jumped the ignition, that he had used the car only for the purpose of going for a cup of coffee, and that he intended to bring the car back to the service station.

Testifying in his own behalf, defendant related that he had been employed as a mechanic at the Oakton-Hamlin station for a period of eight months prior to the alleged crime and that, in the early morning of May 30, he had taken his own automobile to the station to overhaul the transmission. The station being closed, defendant parked his car on the premises and proceeded to remove the transmission, placing the parts and his tools in the trunk of his automobile. After working for some time, he decided to get a cup of coffee and, since his own vehicle was inoperative and the keys to the Simon car were locked in the station, he jumped the ignition of the latter vehicle and drove to a restaurant a few blocks away. Upon finding it closed for the holiday, he turned the car around and was returning to the service station when stopped by the police. Defendant denied having any intention to steal the car, and stated that his only purpose was to use it to get some coffee.

Larceny is the felonious stealing, taking and carrying away of the goods of another with the intent to permanently deprive the owner of his property. (*People* v. *Pastel,* 306 Ill. 565; 25 I.L.P., Larceny, sec. 7.) It does not include the taking of property with the intent to use it temporarily and then return it to the owner, (52 C.J.S., Larceny, sec. 27(b),) but to constitute larceny the taking must be with the felonious intent to deprive the owner of his property. (*People* v. *Pastel,* 306 Ill. 565; *Hix* v. *People,* 157 Ill. 382.)

Since intent may seldom be proved by direct evidence, and it was not in this case, we have held that the intent may be deduced from acts committed and circumstances in evidence. (*People* v. *Heaton,* 415 Ill. 43; *People* v. *Baker,* 365 Ill. 328.) When such a test is applied here, there is grave doubt as to whether the proof supports a conclusion that defendant entertained the necessary felonious intent.

As we view them, the circumstances in evidence do not prove beyond reasonable doubt an intent to steal the automobile but, instead, tend to corroborate defendant's claim of a temporary use. Indeed, it appears that each of the circumstances relied upon by the People to convict may be explained upon a hypothesis of innocence. Jendrzejewski's account of defendant's actions around the service station is consistent with the latter's testimony that he was there working on his own car, and it could be reasonably said that defendant's effort to first start the truck, before turning to the Simon car, was consistent with his avowed intent of seeking a vehicle for the purpose of getting coffee. Likewise, the circumstance that defendant drove the Simon car for but a few blocks and then started to return to the service station is consistent with his claim that he had no intention of permanently depriving Simon of his property. It is true defendant jumped the ignition of the vehicle to start it, but we do not think a felonious intent may in this case be conclusively deduced from such fact, particularly in light of the many circumstances inconsistent with such an intent. Apart from this, it is beyond belief and human experience that defendant, who had worked at the service station for eight months, would move around the station as openly as he did and leave his own car parked there if he had entertained any thoughts of stealing the Simon car.

Ordinarily we attach great weight to the determination of the trial court where it has been the trier of fact. But where, as here, the evidence leaves grave doubt as to the

guilt of an accused, it is our duty to set the conviction aside. *People* v. *Dawson,* 22 Ill.2d 260; *People* v. *Quinn,* 411 Ill. 97; *People* v. *Liss,* 406 Ill. 419.

Accordingly, the judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*