BETTY KELLY, Plaintiff-Appellant, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE Co., Defendant-Appellee.

(No. 74-180;

Third District—December 24, 1975.

Robert L. Silberstein, of Peoria (Michael Heller, of counsel), for appellant.

Westervelt, Johnson, Nicoll & Keller, of Peoria, (Roger Holzgrafe, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This action was brought by Betty Kelly, plaintiff, against her automobile insurance carrier, State Farm Mutual Automobile Insurance Co., for the nonpayment of a claim made under the theft provision of her insurance policy. The case was submitted to the trial court on stipulated facts and exhibits; judgment was entered in favor of the defendant, and the plaintiff has taken this appeal.

Plaintiff was insured under a contract of automobile insurance issued by State Farm. The insurance policy contained the following provision:

"(1) The Owned Motor Vehicle, To pay for *loss* to the *owned motor vehicle* EXCEPT LOSS CAUSED BY COLLISION but only for the amount of each such *loss* in excess of the deductible amount, if any, stated in the declarations as applicable thereto. The deductible amount shall not apply to *loss* caused by a fire or by a theft of the entire vehicle. Breakage of glass, or *loss* caused by missiles, falling objects, fire, theft, larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion or colliding with birds or animals shall not be deemed to be *loss* caused by collision."

The plaintiff had elected not to purchase collision coverage.

The record discloses that plaintiff permitted Thomas M. Thompson to use her car for one evening. Thompson was given the key to operate the vehicle. At that time Bill Schaeffer was with Thompson.

Thompson and Schaeffer consumed alcoholic beverages and then drove to Thompson's sister's house. From there, Thompson telephoned the plaintiff, and then Schaeffer asked plaintiff for permission to drive the car. Plaintiff stated that she told Schaeffer that he was not to use her car under any circumstances.

According to Thompson, Schaeffer probably removed the keys to plaintiff's car from Thompson's coat pocket while he slept. Schaeffer then took plaintiff's car and left the premises. Thompson never gave Schaeffer permission to use the car.

Schaeffer's intention has not been established, but it has been stipulated that if he were called to testify, he would state that he intended to drive to a tavern in Hanna City, Illinois and return the automobile and the keys to Thompson. While in possession of the automobile,

Schaeffer was involved in an accident which damaged the car. Thompson did not know that the automobile was taken until after the accident had occurred. The trial judge found that after the accident in which the vehicle was demolished, Schaeffer "ran from the scene."

On this appeal the primary issue is whether the plaintiff's claim was covered by her insurance policy. More specifically, we must determine whether the above-described incident constitutes a "theft."

Defendant relies upon *Miller v. Phoenix Assurance Co.*, 221 Ill.App. 75, but since that case presented a limited definition of theft, we decline to follow it.

We believe the parties would reasonably expect the theft provision of an insurance policy to be construed, at least, in accordance with the definition set forth in the Criminal Code. (Ill. Rev. Stat. 1973, ch. 38, par. 16—1.) *Miller* is consistent with this holding to the extent that it permits recovery upon proof of an intention to permanently deprive the insured of his property. Ill. Rev. Stat. 1973, ch. 38, par. 16—1(d)(1).

Section 16-1 provides two alternative forms of mental state which will support a conviction of theft: knowingly using, concealing or abandoning the property in such manner as to deprive the owner permanently of such use or benefit; and using, concealing, or abandoning the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit. (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(d)(2),(3).) To the degree that *Miller* would apparently deny recovery upon proof of either of these mental states, we decline to follow that holding.

■■ We note that when *Miller* was decided, the crime of larceny required proof of felonious intent to deprive the owner of his property. (See, *e.g., People v. Pastel*, 306 Ill. 565, 138 N.E. 194.) Since that time the Criminal Code definition of theft has been made considerably broader. We therefore do not feel an unjust result is achieved by applying the Criminal Code definition in construing a theft provision of an insurance policy.

■■ In the case at bar, the trial judge erred when he gave undue emphasis to Schaeffer's stipulated statement that he intended to return the automobile, without attaching any legal significance to the wreck of the automobile, its abandonment by Schaeffer, and Schaeffer's subsequent flight from the scene. Apparently, the trial judge applied *Miller* and not the Criminal Code definition of theft.

■■ We believe that a consideration of all the facts in the instant appeal would permit a fact-finder to conclude that Schaeffer either knowingly used, concealed or abandoned the automobile in such manner as to deprive to insured permanently of such use or benefit; or that he used,

concealed, or abandoned the automobile knowing such use, concealment or abandonment probably would deprive the insured of such use or benefit.

For the foregoing reasons, we reverse and remand this cause to the circuit court of Peoria County for further proceedings consistent with this opinion.

Reversed and remanded.

STENGEL and BARRY, JJ., concur.