Celia Bochner, Appellant, v. Samuel H. Rosen, Also Known as Samuel Rosen, Appellee.

Gen. No. 43,361.

Heard in the first division of this court for the first district at the April term, 1945. ▮ Opinion filed June 25, 1945. Released for publication July 19, 1945.

BENJAMIN MEISTER, of Chicago, for appellant.

GABRIEL GOLDBERG, of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by plaintiff from a judgment in favor of defendant entered upon the finding of the court in an action for forcible entry and detainer. The premises consist of a private dwelling apartment known as 2–E at 1350 South Avers avenue in Chicago. Defendant held under a written lease for seven months, expiring by its terms April 30, 1944. February 22, 1944, plaintiff landlord obtained from the O. P. A., a certificate of eviction, effective three months thereafter. This suit was brought in the municipal court of Chicago December 1, 1944. The cause was tried by the court. Plaintiff put in evidence the certificate of eviction issued by the O. P. A. February 22, 1944. It appeared from the evidence that after this certificate was issued plaintiff on June 1, 1944, sued in forcible entry and detainer in the circuit court of Cook county for the possession of these premises; that

the cause was tried by Judge Fisher; that it appeared upon the trial, the plaintiff had accepted from the defendant rent for the entire month of May 1944; that Judge Fisher, therefore, rightly found the result of this was to extend the original lease at the option of defendant for another seven months' period at a like rental, and that the extended lease would, therefore, not expire until November 30, 1944.

On December 1 thereafter, plaintiff filed this suit in forcible entry and detainer in the municipal court of Chicago. She showed on the trial before the court that before filing suit she had duly notified defendant of her determination to end his tenancy on November 30, 1944, in conformity with the local law (Ill. Rev. Stat. 1943, ch. 80, sec. 3 [Jones Ill. Stats. Ann. 72.03]) and also that upon beginning this suit she duly notified the O. P. A. in conformity with the local law and regulations pursuant to the O. P. A. Maximum Rent Regulations for Housing (sec. 6 (b) (1), sec. 6 (b) (2) and sec. 6 (d) (2)).

Defendant undertook to interpose as defenses that plaintiff did not in good faith wish the premises for her own personal use; that the certificate of eviction issued February 22 was ineffective and a second certificate necessary; further, that the case heard by Judge Fisher in the circuit court of Cook county was *res adjudicata* of the issues in this case. There is no merit to any of these contentions.

A representative of the O. P. A. was present at the hearing and stated without objection: "Do you want me to explain our regulation . . . this is in full force and effect. It was not knocked out on a technicality so far as the taking of rent was concerned, it is still in full force. We have not revoked that Certificate." The certificate of eviction was therefore in force and was conclusive of plaintiff's right to proceed under local law without regard to the Price Administration Act. Indeed, the municipal court of Chi-

cago was wholly without jurisdiction to try the question of plaintiff's intention to personally occupy the premises and the evidence introduced was therefore wholly inadmissible. *Jones v. Shields,* 63 Cal. App. (2d) 846, 146 P. (2d) 735; *United States v. Hansen,* Dist. Ct. E. D. Wis., 52 Fed. Supp. 693. The evidence tending to show plaintiff wished the premises for another was mere hearsay and inadmissible, and since the trial court was without jurisdiction to try that issue it should not have been admitted at all. *Lockerty v. Phillips,* 319 U. S. 182; *Rottenberg v. United States,* 137 F. (2d) 850.

We also hold on the undisputed facts the former circuit court judgment was not *res adjudicata* of the issues arising in this suit. It is true the parties were identical but the cause of action, while of the same kind in form, was not the same in substance. *Steele v. Grand Trunk Junction Ry. Co.,* 20 Ill. App. 366; *Merrin v. Lewis,* 90 Ill. 505. The judgment there was *res adjudicata* of the question decided by the circuit court at that time. It was not *res adjudicata* of the issue whether plaintiff was entitled to recover at the time this case was begun and tried. *Keeley Brewing Co. v. Mason,* 116 Ill. App. 603. See also *Louisville, N. A. & C. R. Co. v. Carson,* 169 Ill. 247, and *Stone v. Salisbury,* 209 Ill. 56. We hold on the uncontradicted evidence plaintiff was entitled to recover.

The judgment of the municipal court will be reversed and the cause remanded with directions to issue a writ of restitution against defendant and in favor of plaintiff.

*Reversed and remanded with directions.*

NIEMEYER, and O'CONNOR, JJ., concur.