Edward P. Greig, Appellee, v. Margaret Ritchie, Appellant.

Gen. No. 9,527.

Opinion filed February 24, 1947. Released for publication March 24, 1947.

EDWARD PREE and HAROLD O. WERNER, all of Springfield, for appellant.

BARBER & BARBER, of Springfield, for appellee.

Mr. Justice Hayes delivered the opinion of the court.

Plaintiff Edward P. Greig is the lessee of a building in Springfield, Illinois, part of which was subleased to defendant Margaret Ritchie, on a month-to-month basis. On January 22, 1946, the office of price administration issued a certificate to Greig authorizing him to evict defendant. A 30-day notice was served and after expiration thereof, suit in forcible entry and detainer was started before a justice of the peace. An adverse decision there was appealed by plaintiff to the circuit court of Sangamon county. Plaintiff filed a motion for summary judgment with affidavit attached, to which defendant filed a verified answer. The circuit court rendered summary judgment for plaintiff.

Defendant contends that two issues of fact were raised by its answer: first, that plaintiff did not act in good faith in obtaining the certificate of eviction; and second, that the O.P.A. did not have jurisdiction to issue a certificate of eviction to a lessee, authorizing the eviction of a sublessee. Defendant therefore contends that the case should have been submitted by the court to a jury.

We do not believe that the circuit court had the power to examine the issue of plaintiff's good faith. That issue was settled in the administrative hearing before the certificate was issued by the O.P.A. and neither the circuit court nor this court has any authority to review it. *Bochner v. Rosen,* 326 Ill. App. 382; *Kubiszewski v. Lynch,* 326 Ill. App. 596. We also hold that neither the circuit court nor this court has the power to determine the authority of the local rent director to issue a certificate upon application of a lessee against a sublessee. Sections 203, 204 of the Emergency Price Control Act (50 USCA App. § 923–924) provide that the validity of any such order shall be determined by the Emergency Court of Appeals, and this procedure has been held constitutional.

*Bowles v. Willingham,* 321 U. S. 503; *Yakus v. United States,* 321 U. S. 414.

The judgment of the circuit court of Sangamon county is therefore affirmed.

*Judgment affirmed.*