Pauline Barsanti, Appellant, v. Edward Jacobsen, Appellee.

Gen. No. 44,676.

Opinion filed March 16, 1949. Released for publication April 11, 1949.

Di Grazia & Snyder, of Argo-Summit, Illinois, for appellant.

Carl Pomerance, of Chicago, for appellee.

Mr. Justice Kiley delivered the opinion of the court. This is a Forcible Detainer Action for the possession of the second floor six room apartment at 8118 S. Maryland Avenue, Chicago, for immediate use and occupation by plaintiff's daughter. The judgment order recites that the Court, without a jury, having heard

evidence "finds the issues for Defendant." Judgment was against plaintiff and she has appealed.

In support of her case plaintiff and her daughter testified. Defendant was called by plaintiff under Sec. 60 C.P.A. After these witnesses had testified defendant's attorney stated that he had witnesses, but he called none. Instead he moved for judgment on the ground that "plaintiff has not made out a case." The Trial Court agreed and made the finding for defendant. If the Court's finding was as the record indicates, that plaintiff did not make out a prima facie case, the judgment order erroneously states that there was a finding on the issues. Plaintiff asks that this Court reverse the judgment and either enter judgment in this Court for her or remand the case for entry of judgment for her in the Trial Court.

Defendant insists, with reason, that should the judgment be reversed, the case be remanded for further trial so that he might present his defense. In oral argument plaintiff's attorney stated that he had no additional evidence in case of a reversal. Thus, should we determine that plaintiff has made out a prima facie case we shall further consider whether, on the evidence in the record, the judgment is against the manifest weight of the evidence. If it is not, then there is no necessity of remanding, since defendant will not complain and plaintiff has no more evidence.

The apartment sought is in a three apartment building. Each apartment contains six rooms and two baths. Plaintiff, her husband and granddaughter, fifteen years of age, occupy the first apartment. They formerly lived in the third apartment while defendant's mother lived in the first apartment. Defendant's mother vacated the first apartment on plaintiff's demand made April 28, 1948. She then moved in to defendant's apartment which is now occupied by defendant, his wife, two children, his mother-in-law and sister-in-law. August 1, 1948, the third apartment was

rented. August 4th this suit was instituted following a Notice of Termination dated May 22nd, 1948.

Plaintiff sues under an exception in the Housing and Rent Act of 1947, enabling landlords to maintain actions for possession where they seek in good faith to recover possession "for immediate and personal use and occupancy" by members of their immediate families. Title 50 U.S.C.A. Sec. 1899 (a) (2), as amended 1948. She had the burden of proving her good faith in the action. Good faith has been described as "an honest desire by the owner . . . to recover possession . . . as a dwelling . . . and that said owner legitimately required said housing accommodations to live in" (*Nofree v. Leonard*, 327 Ill. App. 143). In *Shaffer v. Bowes* (Mun. App. D. C.), 31 A. (2) 690, the Court thought "the owner showed a reasonable basis for her demand" through evidence that the room sought best suited her needs as operator of a rooming house. In *Gould v. Butler* (Mun. App. D. C.), 31 A. (2), 867, the Court said that the owner and his wife and small daughter, both ill, "had no other place to go." The *Nofree, Shaffer* and *Gould* cases were cited by plaintiff. We think it is plain that good faith on the part of the landlord, considering the purposes of the Federal Act, implies a need, and that plaintiff had the burden of showing that her daughter needed defendant's apartment.

Plaintiff testified that she wanted the apartment for her daughter and her family "as soon as she marries"; and that she told defendant's wife she could live on the third floor. Her daughter testified that she was living at her sister's and that it was "a little crowded"; that she formerly lived in an apartment hotel but her rent was doubled and her "mother having this building, I thought I would like to have an apartment"; that she was engaged and contemplated marriage as soon as she obtained an apartment; that she wanted a six room apartment for herself; and that she

did not know that the third floor apartment had been vacant. Defendant testified that no one ever asked him about the third apartment or discussed it with him. Plaintiff said she did not know when she told defendant's wife that she could have the third apartment. The record indicates that the Court believed that no one had told the defendant.

We think the evidence made out a prima facie case for plaintiff. We think, however, that the Trial Court would have been justified in concluding that on the facts in the record plaintiff did not prevail on the issue of good faith. The Court has the right to consider why the plaintiff rented the third apartment "to a veteran and his family", if "the daughter needed it"; why the defendant was not told his family could have the third apartment; and why the daughter could not live with her mother and father and their granddaughter in the first floor apartment until she needed the six room apartment with a double bath. The evidence in this case does not show, as the evidence did in *Gould v. Butler* (Mun. App. D. C.), 31 A. (2), 867, that the daughter had no other place to go.

It is our view that no purpose would be served in sending this case to the Trial Court for further evidence by the defendant. While the evidence considered favorably to plaintiff shows a prima facie case, a consideration of all the evidence discloses the weakness in plaintiff's case.

The judgment is affirmed.

*Affirmed.*

Burke, P. J., and Lewe, J., concur.