Louis Isman and Rose Isman, Appellees, v. Irving Cohen, Appellant.

Gen. No. 45,115.

Heard in the third division of this court for the first district at the April term, 1950. Opinion filed June 30, 1950. Released for publication July 25, 1950.

SAMUEL SCHMETTERER and MAX SEGAL, both of Chicago, for appellant.

NATHAN M. COHEN, of Chicago, for appellees; ARCHIE H. COHEN and ROBERT S. FIFFER, both of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a forcible detainer action. At the close of all of the evidence the Court directed a verdict for plaintiffs and entered judgment on the verdict. Defendant has appealed.

The suit was filed November 1, 1949, to recover Apt. 2 at 4706 N. St. Louis Ave., Chicago, Illinois. Defendant, his wife, and two children lived in the apartment which they had occupied for ten years. Plaintiffs bought a half interest in the building which contains the apartment, in November 1947. The other half interest was bought by Hyman and Florence Savit. Hyman Savit is a nephew of plaintiff, Rose Isman. In July of 1949, plaintiffs bought the Savits' interest. December 30, 1948, the plaintiffs and Savits through their agent notified defendant that after December 31, 1948, the date of the expiration of the then existing lease, the tenancy would be from month to month. August 24, 1949, a Certificate Relating to Eviction issued from the Office of Housing Expediter to Louis Isman authorizing a forcible detainer suit not before

October 27, 1949, for recovery of the possession of the apartment for immediate and personal use and occupancy by plaintiff's daughter. Thereafter on October 26, 1949, an informal hearing was held in the Area Rent Office at which plaintiffs, their attorney, and defendant and his wife appeared. Evidence was heard. On November 3rd, 1949, an order issued from the Area Rent Office confirming the issuance of the certificate of eviction.

The question is whether the trial Court properly directed a verdict for plaintiffs. This involves the determination, whether there is any evidence in the record favorable to defendant which, together with legal inferences drawn therefrom most strongly in his favor, tends to present a question of fact for the jury.

The defendant claims that rulings of the trial Court on proferred testimony precluded his producing favorable evidence to make issues. He served subpoenas *duces tecum* upon plaintiffs, Hyman and Florence Savit, Harry Savit, who is father of Hyman and brother of plaintiff Rose Isman, and attorney Levit who assisted in the original purchase of the property by plaintiffs and Savits. These subpoenas sought records of sales of the property, of checks, bank statements, income tax statements, records of previous forcible detainer proceedings, etc. When these things were not produced in court, defendant's attorney requested the Court to enforce compliance with the subpoenas. The Court declined to do so because it stated, in anticipation, that the testimony was inadmissible as not tending to prove any of the issues in the case.

Defendant's attorney in cross-examination of plaintiff Rose Isman asked her what Hyman Savit "did," his age, how long he had been married, his business, where he obtained money to purchase a half interest in the property, whether previous attempts had been made to obtain an apartment in the premises for plain-

tiff's daughter. Objections to these questions were sustained. The Court also sustained objections to questions put to attorney Levit regarding previous forcible detainer suits. It sustained objections to questions put to Hyman Savit as to whether he worked prior to "three months ago," what school he went to, and whether he kept records of the income and expenses of the property.

The purpose of the testimony sought by subpoenas and questions was not expressed to the Court. We shall assume in defendant's favor that the Court knew the purpose was to show a device used by plaintiffs to circumvent Sec. 6 (c) (1) (a) Part 825 Rent Regulations under Housing and Rent Act of 1947 as amended August 8, 1949. The device, defendant argues here, was the apparent purchase by plaintiffs of the interest of the Hyman Savits who resided in the building so that no co-owner would already have been in occupancy and the retransfer by Savits to plaintiff during July, August, and September, 1949 of the apparent purchase price. Defendant argues that accordingly the Court's rulings constituted reversible error.

The proferred testimony bore on the question of plaintiff's good faith. The order issued by the Area Rent Director November 3rd, 1949 recited that "all the evidence submitted" had been carefully considered "including the evidence submitted at an informal hearing at this office on October 26, 1949." Defendant and his wife were present at the October 26th hearing. There is nothing to show that the order does not speak the truth. It appears from the record and from the oral argument in this Court that the alleged facts underlying the wrongful device theory were known to defendants when the hearing was had. We presume therefore that they were brought to the attention of the Rent Director. In any event no showing is made that there was any attempt to have a further hearing

to make the alleged facts known to the Rent Director, no appeal taken under the Rent Regulations, (Part 840, Sec. 940.113 et seq.) and no action taken to have the certificate of eviction revoked. (Sec. 840.110 (b) ).

 Under the U. S. Emergency Price Control Act of 1942 and Rent Regulations thereunder the question of landlord's good faith was exclusively in the jurisdiction of the local Rent Director, while under the Housing and Rent Act of 1947 the question was for the Courts. *Mikkelsen v. McDonald,* 333 Ill. App. 518; *Barsanti v. Jacobsen,* 337 Ill. App. 79. Under the 1942 Act a certificate of eviction from the local Rent Director was a prerequisite to maintaining a forcible detainer suit. Under the 1947 Act certificates of eviction were not required. The 1949 amendment to the Housing and Rent Act of 1947 eliminated the provision which this Court decided *(Mikkelsen v. McDonald)* required proof of good faith in the forcible detainer suit. The Regulations promulgated under the Housing and Rent Act as amended in 1949 reinstate the requirement of a certificate of eviction. (Sec. 6 (a) Part 825 Rent Regulations as amended to August 8th, 1949.) The certificate is required to issue where the Expediter finds "evictions of the character proposed are not inconsistent with the purposes of the act or this regulation and would not be likely to result in the circumvention or evasion thereof." Sec. 6 (c). The Expediter is required to make that finding where the landlord "establishes that he seeks in good faith . . . ." It is plain that the question of good faith is for the Expediter under the 1949 amendments. We find that his jurisdiction is exclusive under the 1949 amendments as it was under the 1942 Act. *Bochner v. Rosen,* 326 Ill. App. 382. We conclude therefore that the Court's rulings on the proferred evidence were correct.

The defendant further contends that he was given no opportunity to present his side of the case to the Ex-

pediter, that this suit is defective because it is brought in the name of Louis and Rose Isman while the certificate issued only to Louis Isman, and that there was a question of good faith for the jury. Even if we had jurisdiction over the question of good faith where a tenant had no hearing on the question before the Expediter, we presume in the absence of a contrary showing that the November 3rd order spoke the truth and that defendant had a hearing. Without deciding that the second contention is meritorious, we point out that the record does not show that plaintiff directed a motion at the complaint or in any way preserved the the point to be made here. Finally in view of what we have said hereinabove the question of good faith was not for the jury.

For the reasons given, the judgment is affirmed.

*Judgment affirmed.*

Lewe, P. J., and Burke, J., concur.