(No. 32542.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT L. HEATON, Plaintiff in Error.

*Opinion filed March 23, 1953—Rehearing denied May 18, 1953.*

Roy P. Hull, of Peoria, for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and Michael A. Shore, State's Attorney, of Peoria, (Richard E. Capitelli, David C. McCarthy, and Harry L. Pate, of counsel,) for the People.

Mr. Chief Justice Crampton delivered the opinion of the court:

The plaintiff in error, Albert L. Heaton, and William C. Davis were indicted by a Peoria County grand jury upon a charge of larceny of an automobile. Davis obtained a separate trial. A jury found plaintiff in error guilty, and the trial court, after overruling motions for a new trial and in arrest of judgment, sentenced him to the Illinois State Penitentiary for a term of not less than three years and not more than five years. Heaton brings this writ of error. The only issue to be decided in this court is whether the evidence is sufficient to warrant a finding beyond a reasonable doubt that the plaintiff in error, a seventeen-year-old boy, is guilty of larceny of an automobile.

Upon the trial the evidence disclosed that Marion L. Barnes parked his 1936 Ford sedan, valued at $150, in front of 718 Bigelow Street, Peoria, on the evening of July 29, 1950. Sometime after 10:30 P.M., Barnes heard and saw the car being driven away toward McClure Avenue. He immediately notified the police department, and the defendant was apprehended within a matter of minutes after driving several blocks only.

The facts further disclosed that on the afternoon of July 29, 1950, the plaintiff in error, then seventeen years

of age, and William Davis, about the same age, had been playing ball. After the game they went to their respective homes, and then again met and went to a neighborhood theater. After the show they walked along Bigelow Street and both boys looked into cars to see if the ignition keys had been left in one of those parked along the curb. They found the Barnes car with the keys in the switch; plaintiff in error got in the driver's seat and Davis got in beside him. They drove the car approximately seven minutes. At the sound of a police siren, plaintiff in error immediately pulled over to the curb and stopped the car. Before the officers got to the car, plaintiff in error told Davis to let him do the talking. The police officers approached the car, pointed a pistol at plaintiff in error, and told him that the car had been stolen. On the trial plaintiff in error testified he was scared, that he replied to the officers that he did not know that the car had been stolen, and that it had been given to them by someone else.

Davis was a witness for the prosecution and testified on cross-examination as follows: "In July, 1950, I was eighteen years old and Albert Heaton was seventeen, I believe. I had no hopes of getting anything in consideration for my testimony. We did not intend to sell this automobile; we did not intend to change the serial numbers on it; we did not intend to repaint it or in any other way obliterate its identity; we did not intend to leave the State of Illinois in the car. We intended to just ride downtown and then were going to leave it on the streets."

Plaintiff in error contends that this statement of intention should exonerate the plaintiff in error because it shows a lack of intention to deprive the owner permanently of his property and cites a number of authorities from other States to sustain his position. With this we do not agree under the facts and circumstances of this case. This statement is in effect self-serving, and is testified to by an accomplice to the act complained of. Unfortunately, that which is

contained within the confines of a man's mind cannot always be accurately ascertained, but true intention can be arrived at as nearly as possible by an examination of the facts and circumstances and from them draw a parallel measured by the standards of reasonable men. We held in *People* v. *Baker,* 365 Ill. 328, that intention may be proved by deduction from acts committed and from circumstances in evidence. It was, therefore, as laid down in *People* v. *Pastel,* 306 Ill. 565, a question of fact for the jury whether the automobile was taken with a felonious intent to steal, and whether there was an intention on the part of the plaintiff in error to return the automobile. If it appears that the taker kept the goods as his own until his apprehension, such fact has a material bearing upon that intention. There is no fact or circumstance indicating an intention upon the part of the plaintiff in error to return the auto to its true owner, except the fact that he was promptly apprehended. Under such circumstances he could make no effort to conceal the car. He was apprehended promptly because the true owner happened to see him driving the car away, and, because of the fact that he only drove the car a short distance, he asks us to overrule the finding of the jury on the ground that he intended to return the property to its owner or at least that he merely intended to drive the car without the owner's consent.

The record shows the plaintiff in error made inconsistent statements at two different times, once when he was apprehended and again at the trial when the same inconsistency was repeated. When asked where he obtained the car, he answered that it had been given to him by "Roy," yet he admitted that "Roy" did not give him the car when he was asked the same question by his own counsel in the presence of the jury, all of which tends to discredit the witness and shed doubt upon his veracity. By his own testimony the plaintiff in error admitted walking along the streets looking into cars to see if the ignition keys had been left in

one of those parked along the curb. We held, in *People* v. *Carter*, 410 Ill. 462, that this court will not disturb a verdict of guilty on the ground that the evidence is not sufficient to convict, unless the evidence is so palpably contrary to the verdict, or so unreasonable, improbable, or unsatisfactory as to justify the court in entertaining a reasonable doubt of the plaintiff in error's guilt.

In view of the state of the evidence and the observations here made, the judgment of the circuit court of Peoria County is affirmed.          *Judgment affirmed.*