(No. 37145.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NORMAN BROWN, Plaintiff in Error.

*Opinion filed February 1, 1963.*

MELVIN I. MISHKIN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

Defendant, Norman Brown, was indicted on three separate charges of burglary of the homes of John King, Theodore Hollingsworth and William Keunster. The cases were consolidated for a bench trial in the criminal court of Cook County. The defendant was found not guilty of burglary of the Keunster home, but found guilty of the burglaries of both the King and Hollingsworth homes. He was sentenced to the penitentiary for two concurrent terms of not less than five nor more than eight years. Defendant brings this writ of error to review these convictions.

Defendant's principal contention is that he was not proved guilty beyond a reasonable doubt. It is clear that the

State's case rests largely on circumstantial evidence. The defendant left his home in Chicago about 5:30 P.M. on January 28, 1961, and drove to Oak Lawn where he parked his 1951 Chevrolet about two blocks from the King home. The Kings returned home at 6:30 P.M. and found a broken window on the back door. As King entered the house he heard the front door slam. He then grabbed a kitchen knife and went to the front door where he saw defendant about 125 yards away. King then got into his car, drove two blocks where he apprehended the defendant by taking him by the shirt and holding a knife to his throat. King then took defendant to King's home where he searched him and found a billfold, car keys, a crow bar and a flashlight. The police arrived and took the defendant into custody. On the way to the station defendant escaped but was apprehended about 9:30 the same evening. While the police were searching for Brown, Mrs. King found a set of car keys in her house and gave them to the police. A police officer took the keys and opened a 1951 Chevrolet parked in the area. He unlocked the glove compartment and found two checks and a passbook, three books of green stamps, and a bank folder containing currency. A check of the license plates on the car showed they belonged to Norman Brown.

The items taken from the glove compartment were later identified by Dr. and Mrs. Hollingsworth as items taken from their home in Oak Lawn. They had left their home locked at 9:30 that morning and returned at 6 P.M. to find their patio door broken and the house ransacked and several items of property missing.

Prior to trial defendant moved to suppress a written confession, given at the time of his arrest. After an extended hearing, the motion to suppress was denied. It was stipulated that the evidence heard on the motion to suppress be considered as evidence on trial. The written confession was not offered in evidence.

While there is no direct testimony placing defendant

inside either the King or Hollingsworth homes, it is well settled that a conviction of burglary can be sustained upon circumstantial evidence. (*People* v. *Russell,* 17 Ill.2d 328; *People* v. *Hansen,* 5 Ill.2d 535.) From an examination of the entire record we believe the trial judge could find defendant guilty beyond a reasonable doubt. Defendant was apprehended with a crow bar and flashlight in his possession. His abandoned car was in the vicinity, and keys found in the King home opened the car containing stolen property obtained in the Hollingsworth burglary. Defendant's flight from the police can also be considered in connection with the other circumstances tending to prove guilt. (*People* v. *Lobb,* 17 Ill.2d 287.) The trier of fact need not disregard the inferences that flow normally from the evidence before it. (*People* v. *Russell,* 17 Ill.2d 328.) We find that all the inferences in this case point toward defendant's guilt. He was properly found guilty beyond a reasonable doubt.

Defendant also claims that prejudicial error was committed by the trial court in considering the confession and by the State in referring to the confession which was not offered in evidence. In final argument the defendant's attorney first mentioned the confession stating that in his opinion, "that if the confession had not been given by the defendant, the defendant possibly would not have been brought to trial." He thereafter again argued that while there was no evidence of brutality, the defendant would not have confessed "without some type of stimulation." The trial judge then interjected that, "I have given very little credence to his confession." Thereafter the prosecuting attorney in reply stated that the confession was dubious or doubtful but corroborates certain of the exhibits in evidence.

We do not think these statements constitute reversible error. The confession, while not introduced in evidence, was determined to have been voluntary upon a motion to suppress, and defendant does not question this ruling. It

was also stipulated that all of the testimony on the motion to suppress would be considered as testimony on the trial, including testimony of the police officers as to admissions made by defendant. From the record it appears that defendant first brought up the issue of the confession and both the prosecution and the trial judge deprecated the importance of the testimony concerning it.

The cases cited by defendant do not require a reversal of the conviction here. In *People* v. *Hiller*, 2 Ill.2d 323, the defendant was cross-examined on a statement allegedly coerced without a determination if it was voluntary. In the case at bar the statement was determined to be voluntary.

In *People* v. *Thunberg*, 412 Ill. 565, we reversed because the trial judge based his decision on a written statement of a person other than the defendant which was not introduced in evidence and a personal interview with the prosecutrix and another participant in the crime. The present record shows no such consideration of matters *de hors* the record. We think it clear that the present judgment was based entirely upon evidence properly in the record, and no error was committed by the failure to introduce the written confession into evidence.

It is our conclusion that defendant was proved guilty beyond a reasonable doubt and that his trial was free from prejudicial error. The judgment of the criminal court of Cook County is, therefore, affirmed.

*Judgment affirmed.*