**People of the State of Illinois, Plaintiff-Appellee, v. Leslie Baddeley, Defendant-Appellant.**

**Gen. No. 52,648.**

First District, First Division.

February 17, 1969.

Everett W. Hertline, of Chicago (Harry G. Fins, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Michael C. Zissman, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

On August 18, 1967, a complaint was filed charging the defendant, Leslie Baddeley, with theft of an automobile. The defendant pleaded not guilty, was tried by a Magistrate without a jury, found guilty and admitted to six months' probation.

The defendant is engaged in the occupation of repairing automobiles. In the first week of July, 1967, the complaining witness, Joseph D. Chasan, brought his 1952 Austin Sedan automobile to Lake Forest Motors, defendant's place of business, to have said automobile repaired by the defendant. Thereafter, defendant performed the necessary repair work upon the automobile (adjust valves and replace leaking engine head gasket). On July 28, 1967, after the vehicle was repaired, Mr. Chasan picked it up at the garage and gave the defendant a check for $25 in partial payment, informing the defendant he would pay the balance due when he (Chasan) returned from his vacation. The defendant agreed to this arrangement and Mr. Chasan drove the automobile home.

Chasan operated the automobile approximately three days, then the vehicle "broke down" and would not run. Because of this breakdown, Chasan called his bank and ordered them to stop payment of the $25 check he gave to the defendant. Chasan left the vehicle parked in the driveway next to his home and subsequently, on August 5, 1967, left town on a two-week vacation. (There is conflict in the testimony of the complaining witness and the defendant at this point: Chasan claims he did not speak with defendant concerning this second breakdown

prior to going on his vacation. Defendant claims Chasan called him and complained about the second breakdown and defendant said he would take care of it.)

While Chasan was away, the defendant and one of his employees went to Chasan's home and towed the 1952 Austin automobile out of the driveway and back to defendant's shop. Defendant left a note in Chasan's mailbox notifying Chasan that the automobile was taken to the shop and was to be fixed once again. Several days after the automobile was in defendant's possession defendant learned that the check he received from Chasan had been stopped for payment. Nevertheless, defendant made additional repairs upon the vehicle. Upon Chasan's return from his vacation, he discovered his automobile was missing and found a note in his mailbox divulging its whereabouts. Chasan thereupon called the North-brook police and informed them of the missing automobile. The next day, August 17, 1967, Chasan telephoned defendant and asked defendant to return the automobile, but defendant replied that he would return the automobile when Chasan paid the repair bill. Chasan stated he made an effort to get his automobile but made no effort to pay the repair bill because the automobile was taken from his property without his permission. On August 18, 1967, a complaint was filed charging the defendant with theft of an automobile, pursuant to section 16–1 of the Criminal Code. (Ill Rev Stats 1965, c 38, § 16–1.) The result of the bench trial was a finding of guilty of the offense as charged.

It is defendant's theory that, as a lien holder, he had the right to the possession of the automobile while his charges for the repairs of the automobile remained unpaid, and since he did not intend to permanently deprive Chasan of the automobile, there was no evidence to justify a finding of guilt against him. Defendant maintains that this appeal involves two separate and

independent areas of law. The salient provisions of each are as follows:

Sections 16–1 and 15–3 of the Criminal Code of 1961 (Ill Rev Stats 1965, c 38, §§ 16–1, 15–3) provide:

> "16–1 . . . A person commits theft when he knowingly:
>
> "(a) Obtains or exerts unauthorized control over property of the owner; . . . and
>
>> "(1) Intends to deprive the owner permanently of the use or benefit of the property; . . .
>
>> "15–3 . . . To 'permanently deprive' means to:
>> ". . .
>
> "(c) Retain the property with intent to restore it to the owner only if the owner purchases or leases it back, or pays a reward or other compensation for its return; . . ."

The Liens Act of 1921 (Ill Rev Stats 1965, c 82, § 40) provides:

> ". . . Be it enacted by the People of the State of Illinois, represented in the General Assembly: Every person, firm or corporation who has expended labor, skill or materials upon any chattel, or has furnished storage for said chattel, at the request of its owner, reputed owner, or authorized agent of the owner, or lawful possessor thereof, shall have a lien upon such chattel beginning on the date of the commencement of such expenditure of labor, skill and materials or of such storage for the contract price for all such expenditure of labor, skill or materials, or for all such storage, or in the absence of such contract price, for the reasonable worth of such expenditure of labor, skill and materials, or of such storage, for a period of one year from and after the completion of such expenditure

157

of labor, skill or materials, or of such storage, not-withstanding the fact that the possession of such chattel has been surrendered to the owner, or lawful possessor thereof."

The narrow question here is whether the circumstances under which the defendant took Chasan's automobile are susceptible to the inference that defendant had any intent other than that of permanently depriving Chasan of his property. Testifying in his own behalf, defendant affirmed that he did not at any time have any intention to appropriate Chasan's automobile for permanent possession as his own; that he was withholding the automobile until Chasan paid him the balance of the repair charges; and that there is no evidence to justify a conclusion that a theft of Chasan's property had occurred.

Our Theft Statute, section 16–1 of the Criminal Code, supra, specifically requires, inter alia, as an essential element of the crime of theft, that the accused possess an intent to permanently deprive an owner of his property before conviction can result. Since such intent may seldom be proved by direct evidence, the Supreme Court of Illinois has held that the intent may be deduced from acts committed and circumstances in evidence. People v. Baker, 365 Ill 328, 6 NE2d 665 (1937); People v. Heaton, 415 Ill 43, 112 NE2d 131 (1953). Yet when such a test is applied here, there is grave doubt as to whether the proof supports a conclusion that defendant entertained the necessary intent as required by the aforementioned statute. Although an intent to steal may ordinarily be inferred when a person takes the property of another, proof of the existence of a state of mind incompatible with an intent to steal precludes a finding of theft. 25 ILP, Larceny, § 7. It has long been the rule in many states throughout the country that a bona fide belief, even though mistakenly held, that one has a right or claim to another's property, negates an intent to deprive the owner per-

manently of his property. (See collected cases in 46 ALR2d 1227 (1956).)

■ As we view them, the facts, circumstances and evidence in the instant case do not prove beyond a reasonable doubt that defendant possessed an intention to permanently deprive Joseph Chasan of his property. It is true defendant went upon Chasan's property, without Chasan's consent to do so, to obtain the automobile in question that he (defendant) voluntarily relinquished possession over. It is also true that defendant did not have any court order or other form of judicial process giving him the authority of law to tow the automobile away, nor did defendant employ the usual civil remedies to enforce his rights against Chasan. Most certainly we do not condone these improper and flagrant acts of defendant. Apart from this, it is beyond our experience to believe that defendant, in the company of an employee of his firm, who had left a note in Chasan's mailbox informing Chasan the automobile was taken by him to his garage, had made repairs upon the vehicle and apparently stored the vehicle on the garage premises, intended to permanently deprive Chasan of his automobile or convert the vehicle to his own use.

The State's argument that the requisite intent was present, pursuant to section 15–3 (c) of the Criminal Code, supra, since defendant intended to return the automobile only after Chasan paid "other compensation for its return" is not controlling here because defendant believed he was entitled to his repair charges, and did not demand such payment as a reward, ransom or other form of coerced tribute. We also do not believe the Liens Act, supra, lends aid or support to the defendant's contention in the instant appeal, since such Act in no way or form allows the defendant to go upon another's premises and take the property subject to such lien.

■ Ordinarily we attach great weight to the determinations of the trial court where it has been the trier

159

of fact. But where, as here, the evidence leaves doubt as to the guilt of an accused, it is our duty to set the conviction aside. People v. Dawson, 22 Ill2d 260, 174 NE2d 817 (1961); People v. DeStefano, 23 Ill2d 427, 178 NE2d 393 (1962).

Accordingly, the judgment of the Circuit Court of Cook County is reversed.

Judgment reversed.

MURPHY and BURMAN, JJ., concur.