THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN M. REANS, Defendant-Appellant.

(No. 73-270;

Third District—June 20, 1974.

STOUDER, J., dissenting.

James Geis, of the State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant John Reans appeals from a conviction (following a jury trial in the Circuit Court of Rock Island County) of the offense of theft by deception in excess of $150 in violation of sections 16—1(b) and 16—1(d) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, pars. 16—1 (b) and 16—1(d)). He was sentenced to serve 5 years' probation. Probation was subsequently revoked and he was sentenced to a prison term of from 1 to 3 years. Defendant has withdrawn a claim of improper revocation of probation and has actually been released on parole. The only remaining issue before the court is whether the appellant's conviction for theft by deception should be reversed.

In argument of his appeal, defendant states that he should have been charged more appropriately with deceptive practices in violation of section 17—1(d) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 17—1(d)). He argues specifically that the differentiation between the charges is that in the charge of theft for which he was convicted, there is involved the element of intent "to deprive the owner permanently of the use or benefit of the property" (Ill. Rev. Stat. 1969, ch. 38, § 16—1 (d)(1)). He contends that the State has failed to prove such intent.

The record in this case indicates that on January 25, 1971, defendant opened a checking account at a Rock Island bank in the name of a corporation, and that, at that time, he made no deposit but did obtain some checks to use prior to the time the corporation's checks were printed. On January 27, 1971, when a Steve Koehler, to whom Reans owed $10, asked him to pay that money, Reans wrote a check for $300 and instructed Koehler to return the balance in excess of the $10 to him. Defendant Koehler then attempted unsuccessfully to cash the check at two stores. Koehler then went to a bank, where he cashed the check and gave the balance of $290 to Reans. The check was returned unpaid due to insufficient funds, since no money had been deposited in the account by defendant.

During the 2-day period following January 25, 1971, Reans tendered

ten other bad checks. Although the indictment in the cause before us related only to the eleventh check which was written, the State presented proof of the other ten checks in order to show a prior course of conduct which would support an inference of the requisite felonious intent on the part of defendant.

Defendant Reans contends that at the time he presented the eleventh bad check he was sponsor of a Park District basketball team and was expecting to receive, on January 27, reimbursement in the amount of $900 for some of his disbursements for the team. The money never arrived. Defendant said that, upon learning of the return of the check which he had tendered to Koehler, he called the cashing bank to attempt to make restitution on February 13, but his arrest on February 11 thwarted that endeavor. He also testified that he had asked the drawee bank if he could make a deposit which would enable the bank to honor the returned check. The bank refused. Reans also stated that on February 1, he attempted to arrange a loan in order to pay the bad checks but he was unsuccessful. It is defendant's position that his course of conduct following his tender of the checks, including the fact that he gave the bank his real name and remained in town, was inconsistent with any intent permanently to deprive the drawee bank of the funds with which it had paid the check.

After charges had been filed against him, defendant Reans apparently commenced to make restitution with respect to some of the bad checks. At the trial he attempted to produce some evidence of his subsequent course of conduct for the purpose of countering the State's contention as to his intent at the time he wrote the check to Koehler. The trial judge refused to admit the testimony with respect to any restitution which was attempted after the charges had been filed. Defendant Reans challenges that determination on the ground that such action taken subsequently to the filing of the charges against him, was part of and corroborative of a course of conduct he had commenced prior thereto. He states that while the value as evidence of subsequent acts might have been impaired by the intervening charges, that was a question of weight and not admissibility and the jury was the proper body to decide it.

■■ Defendant Reans contends that the State failed to prove beyond a reasonable doubt the existence of a requisite felonious intent. In a trial by jury, where the jury is the finder of fact and has the ability to see and hear the evidence first hand, and, also, to view the witness's demeanor, and generally to decide the weight to be attached to any particular testimony or items of evidence, a court of review hesitates to challenge the finding of the jury. The right to believe or disbelieve the contentions of defendant Reans as to the existence of the requisite

felonious intent was the prerogative of the jury. Even though the evidence of the State and defendant Reans was in conflict, that does not in and of itself as a matter of law, raise a reasonable doubt as to guilt. *People v. Hoffman*, 326 Ill.App. 514, 62 N.E.2d 24.

We have also noted, from the record, that although Reans supplied the names of his supposed "backers" who were to have provided the funds which he anticipated but did not receive, Reans failed to either call the backers to testify or to explain his failure to do so. The jury might reasonably have had some reservations about believing the testimony of Reans under such conditions. They obviously could have considered that it would be simple to obtain such testimony and such testimony would be very effective if Reans had attempted to produce it.

■■■ On the record, it is clear that Reans tendered a check knowingly without having funds on deposit. This in and of itself would support an inference of the existence of the requisite felonious intent. Likewise, according to provisions of section 15—3 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 15—3), "permanently deprive" is defined in such manner that the evidence at the trial could be deemed to have established an inference that Reans intended to permanently deprive when he tendered the check without having funds on deposit. The State also bolstered that inference by proving the prior course of conduct of defendant Reans. The jury obviously had evidence to find defendant Reans guilty beyond a reasonable doubt under such circumstances.

■■ A second issue which is raised by defendant involves a refusal of the trial judge to allow Reans to present evidence concerning further attempts at restitution following the time when he was criminally charged. Under the precedents of this State, restoration or restitution to the owner after a theft does not negative the offense. (Callaghan's Illinois Criminal Law, vol. 1, § 15-29.) The evidence of attempts at restitution to which Reans referred in his testimony, could bear only on the question of the extent to which such evidence tended to negate the existence of a requisite intent. The criminality of the act is not removed by an intention to make restitution. *People v. Riggins*, 13 Ill.2d 134, 148 N.E.2d 450.

We note from the record that Reans was in fact permitted to attempt to show that he attempted to have the banks allow him to make the check good and that he attempted to obtain the loan. He was also permitted to testify that he did not possess the requisite intent to deprive the bank of the funds. The trial court, in ruling on the evidence which was excluded, determined that it had minimal, if any, probative value with respect to the issue of the existence of the requisite intent. While we would normally favor the admission of evidence of attempts at resti-

tution for the purpose of having a jury or a trier of fact consider these activities with all other facts in determining the absence or presence of felonious intent in a prosecution, we believe that its exclusion in the cause before us, in view of the specific record of the activities of defendant in this cause, was not sufficiently prejudicial to constitute reversible error. The discretionary ruling by the trial court did not constitute reversible error, in view, particularly, of the fact that defendant himself had testified to his attempts at restitution.

The final argument raised by defendant is that the court improperly refused to give the jury the second paragraph of a circumstantial evidence instruction in form as carried in Illinois Pattern Jury Instructions, Criminal, which was requested by the defense with respect to circumstantial evidence. The instruction No. 3.02 is as follows:

"Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of [the] [a] defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.

[You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence.]"

■■ According to defendant Reans, the only controverted issue when the case was submitted was the existence of the requisite felonious intent. Defendant argues that, since the proof of such intent must necessarily require the jury to draw inferences from the existence of certain other facts, the evidence with respect to this question was entirely circumstantial and the refused portion of the instruction should have been given. We have observed the Committee Note accompanying the challenged portion of the instruction which reads: "The second paragraph should be given only where proof of guilty is *entirely* circumstantial." By its nature, specific intent normally must be proved by the drawing of an inference from the proof of another fact, often the commission of the proscribed act itself. In this sense, such intent usually is proved circumstantially and not directly. With respect to many criminal acts, the act clearly "speaks for itself." The act so clearly broadcasts the intent with which it was performed that the question of intent either becomes inconsequential or the proof of it is so directly related to proof of the act that the evidence is regarded as direct even though technically it might be "circumstantial." In the instant case, the State was required to prove the existence of not only the intent but of all other elements of the charged crime as well. It is incontrovertible that the State's proof of all such elements, at least, was direct. Therefore, obviously, the proof

by the prosecution was not *"entirely circumstantial,"* and the court properly refused to include the requested second paragraph.

Since we find no reversible error in the record, the judgment of the Circuit Court of Rock Island County will be affirmed.

Affirmed.

SCOTT, P. J., concurs.

Mr. JUSTICE STOUDER, dissenting:

Consistent with my view as discussed in my dissenting opinion in *People v. Minish,* 19 Ill.App.3d 603, filed May 20, 1974, I believe the entire circumstantial evidence instruction should have been given and the failure to do so requires a new trial in this case. I see no reason for repeating my observations in my dissenting opinion in the *Minish* case although I believe them to be equally applicable to the basic issue of this case.

This case illustrates and supports my view that there is nothing in the nature of circumstantial evidence which suggests that a particular instruction should be given only if all of the evidence is circumstantial. Concededly, in this case the only disputed issue is the intent of the defendant and the only evidence relevant to such disputed issue is circumstantial. This is true of the evidence tending to show defendant's intention to permanently deprive the bank of its property as well as the evidence tending to show the defendant had no such intention. Whether the requisite intent is or is not proved by the circumstantial evidence is measured by the same standard that would be applicable if all the evidence were circumstantial and the jury should have been so instructed.

If the jury had been properly instructed I believe there is sufficient evidence, although conflicting, which would support the conviction of the defendant if the conflicts in such evidence were resolved in favor of the prosecution.