THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CORTEZ LOFTON, Defendant-Appellant.

First District (4th Division)   No. 76-389

Opinion filed June 9, 1977.

ROMITI, J., dissenting.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, Cortez Lofton was found guilty of theft. (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1).) On February 2, 1976, he was sentenced to 4 months work-release in the House of Correction. The defendant appeals.

The sole issue presented for review is whether the defendant was proved guilty beyond a reasonable doubt.

The offense of theft, pursuant to section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)), is committed by a person:

" * * * when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner

* * *

and

(a) Intends to deprive the owner permanently of the use or benefit of the property; * * *."

The defendant argues on appeal that the State failed to present evidence sufficient to prove beyond a reasonable doubt that he knowingly possessed stolen property with the intent to permanently deprive the owner of the use or benefit of that property.

On December 30, 1975, at approximately 2:15 a.m., two Chicago police detectives witnessed the defendant and another man rolling two Firestone radial automobile tires along the alley located behind 5714 South Prairie Avenue in the city of Chicago. The defendant immediately dropped the tire and both he and his companion began to run as the unmarked police vehicle pulled up behind them. The officers "gave chase," and apprehended Lofton approximately 200 feet away from where he dropped the tire. He told the officers that he was just helping his friend with the tires. He offered no resistance and was subsequently arrested.

It was stipulated at trial that the two automobile tires were owned by the complainant, Ephriam Williams. Williams testified that he did not authorize anyone to take possession of his tires.

The defendant testified that he was proceeding to his home that morning when he observed Bernard Dokins rolling two tires down the alley. Dokins asked the defendant to help him move the tires, and the defendant agreed to help. The defendant explained that he ran immediately when the police car pulled up behind him, without looking back, because Dokins told him to run. He denied having any knowledge that the tires were stolen when he agreed to aid Dokins in moving them.

Bernard Dokins testified that he asked the defendant to help him transport the tires, and that he did not reveal to the defendant that the tires had been stolen until the two friends were in police cusody.

After hearing the testimony of the witnesses, the trial court considered the evidence presented sufficient to prove the defendant guilty of theft beyond a reasonable doubt. The court specifically found that under the circumstances in which the incident occurred, the defendant knew or should have known that the tires were stolen property.

The defendant asserts that the testimony of Dokins contraverts the circumstantial evidence against him. As authority, he cites *People v. Baddeley* (1969), 106 Ill. App. 2d 154, 158, 245 N.E.2d 593, 595, wherein the court held:

> "Although an intent to steal may ordinarily be inferred when a person takes the property of another, proof of the existence of a state of mind incompatible with an intent to steal precludes a finding of theft."

In *Baddeley*, the defendant was a lienholder who retained unauthorized possession of the complainant's automobile, and testified that he believed that he had a right to do so. The appellate court found that the facts, circumstances, and evidence did not indicate beyond a reasonable doubt

that the defendant acted with the intent requisite to a conviction for theft.

■■■ Here, after reviewing the evidence, we do not believe that the trial court was unjustified in concluding from the facts and circumstances that the defendant was guilty of theft. The circumstances in the instant case differ greatly from the situation in *Baddeley*. Mr. Lofton was exercising control over the stolen property at 2:15 in the morning. The defendant had no relationship with the complainant other than possession of the stolen property. When approached from behind by an unmarked police vehicle, the defendant dropped the stolen property and ran. Flight from the police has been held to evidence a consciousness of guilt (*People v. Lofton* (1965), 64 Ill. App. 2d 238, 244, 212 N.E.2d 705, 708), and is a factor of circumstantial evidence to be considered by the trier of fact in arriving at a determination of guilt. (*People v. Brown* (1963), 27 Ill. 2d 23, 26, 187 N.E.2d 728, 730.) This court held, in *People v. Lofton* (1965), 64 Ill. App. 2d 238, 243, 212 N.E.2d 705, 708, that:

> "A conviction based on circumstantial evidence may be upheld where the proof of circumstances leads on the whole to a satisfactory conclusion and produces a reasonable and moral certainty that the defendant committed the crime as charged."

The defendant offered his testimony and that of Dokins to explain his acts and the circumstances. However, the trial court, as trier of fact, was not required to believe the testimony of the defense witnesses.

The law is well established that since intent can seldom be proved by direct evidence, it may be deduced, or inferred, by the trier of fact from acts committed and circumstances in evidence. (*People v. Heaton* (1953), 415 Ill. 43, 46, 112 N.E.2d 131, 132; *People v. Baker* (1936), 365 Ill. 328, 336, 6 N.E.2d 665, 669; *People v. Campbell* (1975), 28 Ill. App. 3d 480, 484, 328 N.E.2d 608, 612.) The right to believe or disbelieve testimony as to the state of mind of the defendant or the existence of the requisite felonious intent is the prerogative of the trier of fact. (*People v. Campbell*, at 484; *People v. Reans* (1974), 20 Ill. App. 3d 1005, 1007-08, 313 N.E.2d 184, 187.) It is the duty of the trier of fact to determine the credibility of the witnesses and the weight to be given their testimony, and on review, this court will not substitute its judgment for that of the trier of fact. (*People v. Coulson* (1958), 13 Ill. 2d 290, 295-96, 149 N.E.2d 96, 98.) This court will not substitute its judgment unless it clearly appears there is a reasonable doubt as to the defendant's guilt. *People v. Guido* (1962), 25 Ill. 2d 204, 208, 184 N.E.2d 858, 860.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, J., concurs.

Mr. JUSTICE ROMITI, dissenting:

I fully agree with the majority that great weight should be accorded the factual findings of the trial court. It appears to me, however, that the unusual posture of this case is that those findings support the conclusion that the judgment of the trial court should be reversed.

The sole disputed issue in the trial was whether the defendant knew that the tires were stolen at the time that he was transporting them with Dokins. The applicable statute cited in the majority opinion requires that the acts be done "knowingly." Section 4—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 4—5), states:

"A person knows, or acts knowingly or with knowledge of:

(a) The nature or attendant circumstances of his conduct, described by the statute defining the offense, when he is *consciously aware* that his conduct is of such nature or that such circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that such fact exists." (Emphasis added.)

Thus, the defendant is to be held to a standard of actual knowledge. This is to be contrasted with the test for obtaining control of stolen property (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(d)), which allows a finding of guilt when a person obtains control over stolen property "under such circumstances as would reasonably induce him to believe that the property was stolen * * *."

In the light of this standard of actual knowledge, it is important to set out in full the findings of the trial court:

"The question is whether there has been proof that defendant knowingly or—well, it's circumstantial and—where the statement—*the question is whether he knew or should have known that they were stolen.* The charge here is exerting unauthorized control. From what I have heard the time of night this was that the defendant the circumstances under which this happened without other explanation as to how the other individual got in possession of the tires I would feel that all the circumstances indicated that *if Cortez Lofton didn't know, he should have known these were stolen tires.* Accordingly, he will be found guilty." (Emphasis added.)

This finding of fact clearly reveals that the trial court did not determine that the defendant had the actual knowledge required by statute for his conviction. He, therefore, was not proven guilty beyond a reasonable doubt and his conviction should be reversed.

Even if we were to overlook the trial court's factual findings and independently determine the issue of reasonable doubt, the judgment should not be affirmed. In the main the majority opinion is bottomed on

two incriminating factors, (1) the late hour at which these events took place, and (2) the fact of defendant's flight. This court has previously noted that in an urban setting it is not unusual for people to be about the streets and alleys at late hours. (*People v. Thompson* (1975), 35 Ill. App. 3d 105, 340 N.E.2d 631.) The defendant explained that he was returning from his sister's house when he encountered Dokins, an explanation which is not incredible on its face. The fact of defendant's flight when the police arrived is also cited. In this regard, the police officer at trial testified that he was not in uniform and was in an unmarked car when he approached the defendant. While Dokins testified that he recognized the car as that of a detective, the defendant's uncontradicted testimony was that he (defendant) only heard the approach of a car and then ran on Dokins' instruction, without ever seeing the car. Even if he had seen it, or observed the officer in it, there was no showing at trial that he too would have been aware that a police officer and a police car were involved. Therefore, defendant's flight cannot fairly be described or characterized as "flight from the police." In addition, flight is evidence of guilt only when the accused knows that a crime has been committed and that he may be a suspect. (*People v. Harris* (1961), 23 Ill. 2d 270, 178 N.E.2d 291; *People v. Reyes* (1970), 131 Ill. App. 2d 134, 266 N.E.2d 539.) Yet in this case that flight is cited as evidence of the very knowledge which is required to constitute the crime thereby making flight evidence of guilt. In my view, under this analysis, the two crucial factors in this case become weak support for that which they allegedly prove.

Further, defendant's conviction was based on inferences drawn from circumstantial evidence. The explanation he presented at trial was uncontradicted by any direct evidence. Given the urban setting of these events, his explanation was a credible one and reasonably consistent with innocence. The police officer at trial testified that when defendant was apprehended on the scene he then gave the same explanation that he gave at trial; he was just helping a friend with the tires. Dokins, who had already been convicted for theft of the tires, testified that he had not informed defendant prior to their arrest that the tires were stolen. At the conclusion of the evidence the trial judge indicated that he could not determine that defendant actually knew that the tires were stolen. It seems clear, then, that the evidence did not exclude the reasonable hypothesis of innocence presented by the defendant. *People v. Branion* (1970), 47 Ill. 2d 70, 265 N.E.2d 1, *cert. denied* (1971), 403 U.S. 907, 29 L. Ed. 2d 683, 91 S. Ct. 2213; *People v. Robinson* (1975), 33 Ill. App. 3d 24, 337 N.E.2d 356.

It is my opinion that based on the trial court's findings of fact, or even based on an independent evaluation of the evidence at trial, defendant's conviction should be reversed.