THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JIMMY BAUM *et al.*, Defendants-Appellants.

Third District   Nos. 3—90—0459, 3—90—0460 cons.

Opinion filed August 7, 1991.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellants.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The trial court convicted the defendants, Jimmy Baum and Richard Will, of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a)). Each was subsequently sentenced to a term of two years' probation. The defendants appeal.

The record shows that in late October or early November of 1989, Peggy Tomas and her husband, John, hired Jeff Fox to move their trailer from one location to another. During the move, one of the trailer's wheels fell off. Fox had the wheel repaired and the trailer was moved to the intended location. When Mr. Tomas paid Fox for moving the trailer, Fox requested money for the repairs to the wheel. Tomas refused to pay any extra.

On November 5, Mr. and Mrs. Tomas entered the trailer and found things amiss. The front door to the trailer had been damaged and various items had been taken. Since neither Mr. nor Mrs. Tomas had given anyone permission to enter the trailer or take the items, they called the police.

Will County sheriff's department personnel responded to the call and investigated the matter. They noted pry marks on the door of the trailer and general disarray inside the trailer. Mr. Tomas reported that Fox and another person, defendant Baum, thought that he owed them money.

Deputy Ronald Coursey went to speak with Fox. During the course of the deputy's conversation with Fox, defendant Will, who was also present, interrupted. He indicated that the reason the Tomases' furniture had been taken was because the Tomases owed some people money for repairs to the trailer wheel. Will then led the police to Baum and told Baum that the police knew they had taken the fur-

niture. Baum was subsequently taken into custody. Will then led the police to a nearby wooded area where the furniture was found.

At trial, two alternative theories were presented to explain why the defendants took the furniture. The first explanation was that the furniture was taken as collateral and that the defendants intended to keep the furniture until they were paid for the repairs they performed on the trailer. The second explanation was that the furniture was taken out of the trailer so the trailer could be repaired.

The trial court specifically discounted the defendants' claim that the furniture was moved so the trailer could be repaired. The defendants now contend that the court must therefore have accepted the theory that the furniture was taken as collateral for a debt. They argue that since the furniture was taken as collateral, the State failed to show they had the requisite intent to commit a theft.

■ Initially, we disagree that the trial court's failure to comment on the defendants' "collateral" theory indicated its acceptance of that theory. A trial court is presumed to have understood the law and properly applied it. (*Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 459 N.E.2d 651; *People v. Gutierrez* (1982), 105 Ill. App. 3d 1059, 433 N.E.2d 361.) Since the instant court found the defendants guilty and since we find no indication that it misunderstood the law, we conclude that it rejected their theory.

■ Moreover, we find no error in the trial court's rejection of that theory. Section 19—1(a) of the Criminal Code of 1961 states that a person commits burglary when he knowingly enters a house trailer with the intent to commit a theft. (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a).) An essential element of the crime of theft is that the accused must possess an intent to permanently deprive an owner of his property. Ill. Rev. Stat. 1989, ch. 38, pars. 16—1(a)(4)(A), 15—3.

The law is well established that since intent can seldom be proved by direct evidence, it may be inferred by the trier of fact from acts committed and circumstances in evidence. (*People v. Campbell* (1975), 28 Ill. App. 3d 480, 328 N.E.2d 608.) The right to believe or disbelieve testimony as to the state of mind of the defendant or the existence of the requisite felonious intent is the prerogative of the trier of fact. (*People v. Reans* (1974), 20 Ill. App. 3d 1005, 313 N.E.2d 184.) Unless it clearly appears that there is a reasonable doubt as to the defendant's guilt, this court will not substitute its judgment for that of the trial court. *People v. Guido* (1962), 25 Ill. 2d 204, 184 N.E.2d 858.

■ A *bona fide* belief, even though mistakenly held, that one has a right or claim to another's property can negate an intent to perma-

nently deprive the owner of his property. (*People v. Baddeley* (1969), 106 Ill. App. 2d 154, 245 N.E.2d 593.) In *Baddeley*, the owner of a car took it to the defendant's service station for repairs. After the repairs were performed, the owner drove his car home. Three days later, the car broke down again. While the owner was out of town, the defendant went to the owner's house and towed the car out of his driveway and back to the service station. The defendant left a note in the owner's mailbox informing him that the automobile had been taken by him to his service station. At the service station, the defendant repaired the car and stored the vehicle on the garage premises. When the owner refused to pay the repair bill, the defendant refused to return the car. The defendant was subsequently convicted of theft. The appellate court found that the facts, circumstances, and evidence did not indicate beyond a reasonable doubt that the defendant acted with the intent necessary for convicting him of theft.

The evidence in the instant case is quite different from that in *Baddeley*, and we do not believe that the trial court was unjustified in concluding from the facts and circumstances that the defendant was guilty of theft. There was evidence that the trailer door had been broken by the defendants in order to gain entry. Additionally, unlike in *Baddeley*, the defendants left no note indicating why or where the furniture had been taken. This suggests that the defendants intended more than to establish a security interest on a debt. Rather, a rational trier of fact could reasonably have concluded that they intended to permanently deprive the Tomases of their property.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

McCUSKEY and HAASE, JJ., concur.